John T. Casey, J.
A true bill of indictment, in short form, charges the defendant with the crimes of burglary, third degree (breaking and entering a building with intent to commit a crime therein), and assault, first degree (assault with intent to commit a felony upon the person of the one assaulted with a deadly weapon), in two separate counts.
The defendant’s motion to dismiss both counts of this indictment compels the interpretation by this court of the nature and extent of the legal principle enunciated by the Court of Appeals in People v. Lo Verde (7 N Y 2d 114); People v. English (16 N Y 2d 719) and People v. Colon (16 N Y 2d 988). These cases determined that the crimes of endangering the morals of a minor, attempted rape, and assault with intent to commit rape (all of which require no corroboration) cannot be charged where the testimony of the female complainant alleged that the act of rape was consummated and the corroborative element required by section 2013 of the Penal Law was lacking.
In the instant situation, the testimony of the complainant before the Grand Jury alleges a completed act of rape. It is reasonable to assume that this defendant was not indicted for that crime, for lack of corroboration.
The indictment is founded on testimony before the Grand Jury which indicates that, on the 10th day of October, 1965, the defendant broke and entered a room, housing at the time the complainant alone, and armed with a knife, forcibly committed upon her person (according to her testimony) an act of eonsununated, though uncorroborated, rape.
*867 Crimes accompanying rape may be divided into four general categories. They may be antecedent to the rape, subsequent to it, coincidental with it or necessarily included in it. It is certain that the law would not so prefer the rapist as to grant him immunity from prosecution for every crime attendant upon rape for the simple lack of its corroboration. It is clear also, from the case of People v. English (supra), that no such interpretation was intended. Therein, the court, while dismissing the counts of the indictment relating to the alleged crimes of attempted rape and assault with intent to commit rape, on the ground of lack of corroboration of what was testified to be a consummated rape, affirmed the judgment of conviction for the counts charging robbery, first degree and grand larceny, second degree.
Little difficulty is encountered when the accompanying crimes are genetically and elementally separate and distinct from the rape; for, when the attendant crimes have no element in common with the rape, they seek no support for conviction from the act of uncorroborated rape and, therefore, do not violate the corrobative requirement. It matters not, in such crimes, whether they are committed before, during or after the rape. Nor is the question any longer open as to the crimes of attempted rape and assault with intent to commit the felony of rape (Penal Law, § 242, subd. 5), and of endangering the morals of a minor (when the victim is actually or apparently under the age of 16 years). The Court of Appeals has determined, in People v. English, People v. Colon and People v. Lo Verde, that these crimes cannot be charged when the testimony evidences a completed act of uncorroborated rape. The crimes precluded by these decisions, however, are included necessarily in the rape itself and prosecution of them is prevented, on the apparent rationale, that to hold otherwise would subject a defendant always to conviction for the included crimes where the corroboration necessary for the consummated rape was lacking or failed in proof; for proof of any of the included crimes would require only the showing of the consummated rape charged in the guise of the other crimes in order to succeed in the prosecution of the latter without the necessity of proving corroboration of the rape, thus thwarting the corroborative provisions of section 2013 of the Penal Law.
In People v. Rea (50 Misc 2d 721) the Criminal Court of the City of New York determined that the rule should not be applied to crimes subsequent to the rape (specifically a subsequent assault).
In exploring the same uncharted region, the Supreme Court of Queens County dismissed two counts of an indictment charging assault, second degree, antecedent to the rape, concluding *868 that his interpretation of the law was that; where a criminal assault is committed solely in furtherance of the ultimate goal of rape, and there is uncorroborated testimony in the record that the rape was consummated, there is no lawful basis for charging a defendant with the commission of the antecedent assault. Coincidentally, that court also dismissed a count of the same indictment charging felonious possession of a knife because that count required proof of “ intent to use the same unlawfully” which would depend on the-uncorroborated testimony of the female complainant and permit a circumvention of the rule requiring corroboration. (People v. Sigismondi, 49 Misc 2d 1.)
It is this ruling which points the problem. For, certain accompanying crimes, although separate and distinct from the rape and not included in it, depend on the rape for proof of one of their elements. This is true of the illegal possession of the knife, in Sigismondi (supra), the intent to use which, unlawfully, must depend on the proof of rape. This is true of an assault, second degree, antecedent to the rape, where the intent to commit a felony can only be shown by proving the rape and it is true here of the crime of burglary where such crime is antecedent to the rape and where the breaking and entering, if accompanied by the intent to commit rape, can only be shown by the testimony of the female complainant to a completed act of rape. It could also be true of crimes subsequent to the rape as where rape is completed (with no corroboration) and the defendant breaks out of the building.
To extend the rule of Lo Verde, English and Colon to prohibit prosecutions of accompanying crimes on this basis is, in this court’s opinion, unjustified, for to prohibit prosecutions for crimes of this category would grant to the rapist an immunity from prosecution (where the rape is consummated but uncorroborated) that is granted to no other violator save the rapist and is not even granted to him unless he completes the act of rape. In the interests of society, open invitation should not be so extended to complete the rape and avoid the responsibility for such accompanying crimes rather than to forego the rape and suffer their penalty and punishment.
Legally, it is the accompanying crime that is charged, not rape. Corroboration of the testimony of the female complainant is mandated for rape, not for the accompanying crime. Such interpretation limits the rule of Lo Verde, English and Colon to those crimes included in the act of rape, itself, and compels the conclusion by this court that, where rape is but a necessary element of the crime charged, proof of said crime is sufficient without *869 the necessity of showing corroboration of the rape. The defendant’s motion to dismiss the burglary count of this indictment is, therefore, denied.
Assault, first degree, charged in this indictment, depends upon evidence before the Grand Jury showing that the defendant, with intent to commit a felony (rape) upon the person of the female complainant, assaulted her with a knife, the same being a deadly weapon or force likely to produce death. Factually, the alleged crime was committed coincidentally with the alleged act of rape.
The only distinction between this charge and the charge of assault, second degree, precluded by People v. English, is the .added element of the use of a knife. It may be argued that this additional element also supplies the force and fear necessary for rape, first degree, and that there is an identity between the type of assault, first degree, charged and the rape.
The difficulty with this argument is that, because of the necessity of proving the use of a knife, an element is present that is not required for rape, first degree, or for assault, second degree. And, in that sense, assault, first degree, is not a crime included in the rape.
It seems to this court a matter of how far the rule should be extended. So far, it has been extended by the Court of Appeals only to crimes included in the rape itself. It could be that further extension will be mandated. Lacking appellate determination and direction, however, this court will not so far extend it for the reasons stated.
Defendant’s motion to dismiss the assault, first degree, count is denied.